UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

COASTAL CONSTRUCTION GROUP OF
SOUTH FLORIDA, INC., a domestic
corporation,

      Plaintiff,

Case No.:

vs.

PRECISION DRYWALL, INC., a domestic
corporation, and MID-CONTINENT
CASUALTY COMPANY, a foreign
corporation,

      Defendants.        /

## NOTICE OF REMOVAL

Mid-Continent Casualty Company ("MCC"), a foreign corporation, respectfully sets forth its grounds from removal as follows:

1.  This is a declaratory judgment and breach of contract action filed by the Plaintiff, Coastal Construction Group of South Florida, Inc., ("Coastal") against MCC and Precision Drywall, Inc. ("Precision"). A copy of Coastal's Complaint for Declaratory Judgment and Breach of Contract, with exhibits, is attached as Exhibit "1." Coastal asserts that it is in doubt as to the parties' rights and obligations under the Commercial General Liability policy issued by MCC to its insured, Precision.

2.  Suit was commenced on February 7, 2011 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. MCC was served on March 17, 2011, through the Department of Financial Services. Accordingly, MCC has up to and including April 18, 2011, to remove this action.

Case No.:

3. Defendant, MCC, was at all material times, including but not limited to, at the time this action was commenced and at the time the Notice of Removal was filed, a citizen of a state other than Florida, being incorporated in Ohio, with its principal place of business in Tulsa, Oklahoma.

4. Defendant, Precision, was at all material times, including but not limited to, at the time this action was commenced and at the time the Notice of Removal was filed, a citizen of Florida, being incorporated in Florida, with its principal place of business in West Palm Beach, Florida.

5. The Plaintiff, Coastal, was at all material times, including but not limited to, at the time this action was commenced and at the time the Notice of Removal was filed, a citizen of Florida, being incorporated in Florida, with its principal place of business in Miami, Florida.

6. This removal is timely filed by the Defendant within 30 days of the Defendant's service and knowledge that the case was removable pursuant to 28 U.S.C. § 1446(b).

7. The amount in controversy, exclusive of interest, attorney's fees and costs, exceeds $75,000. The underlying complaint alleges that Precision's work at Villa Lago condominium was defective due to the "alleged use of defective Chinese drywall during the construction of Villa Lago." Further, Coastal's action sues under MCC's policy and attaches a certificate of liability insurance containing $1,000,000 limits of liability for each occurrence, and $2,000,000 for the general aggregate. See Coastal's Complaint, Exhibit "B." Finally, Coastal also seeks MCC to pay its attorney's fees as a purported additional insured under the MCC policy.

8. As MCC is not a citizen of the State of Florida and Coastal and Precision are citizens of the State of Florida and because the amount in controversy is in excess of $75,000,

Case No.:

exclusive of interest, attorney's fees and costs, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441.

9. The consent of Precision is not required and the parties should be realigned. Both Precision and Coastal desire coverage to exist under the MCC policy, otherwise Precision would be in breach of its contract with Coastal. Therefore, for the purposes of removal, both Precision and Coastal's interest are adverse to MCC.

10. By the filing of this Notice of Removal, MCC consents to the removal of this action from state court to federal court.

11. A copy of this Notice will be promptly filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, attached as Exhibit "2."

12. In accordance with 28 U.S.C. § 1446 (b), a copy of all process, pleadings and orders served upon Defendant are attached to this Notice.

WHEREFORE, Mid-Continent Casualty Company respectfully requests this Court remove the action now pending against it in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, pursuant to the provisions of 28 U.S.C. § 1441.

Respectfully submitted,

s/Pedro E. Hernandez
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Pedro E. Hernandez
Florida Bar. No. 30365
phernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard, Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
*Counsel for Mid-Continent Casualty Company*

Case No.:

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Facsimile and U.S. Mail on April 12, 2011, to: Raul R. Loredo, Esq. and James A. Cueva, Esq., Mintzer, Sarowitz, Zeris, Ledva & Meyers, LLP, The Waterford at Blue Lagoon, 1000 N.W. 57th Court, Suite 300, Miami, Florida 33126.

                                      s/Pedro E. Hernandez
                                      Ronald L. Kammer
                                      Florida Bar No. 0360589
                                      rkammer@hinshawlaw.com
                                      Pedro E. Hernandez
                                      Florida Bar No. 0030365
                                      phernandez@hinshawlaw.com
                                      HINSHAW & CULBERTSON LLP
                                      9155 S. Dadeland Boulevard, Suite 1600
                                      Miami, Florida 33156-2741
                                      Telephone: 305-358-7747
                                      Facsimile: 305-577-1063
                                      Attorneys for *Mid-Continent Casualty Company*